Filed 2/1/23  P. v. Pena CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079661 |
| v. | (Super.Ct.No. RIF138739) |
| BOBBY STEVEN PENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Bobby Steven Pena appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We correct the record and affirm.

## BACKGROUND

Defendant and his brother, Louie Oscar Pena, were members of the Brown Pride Crew gang.  In August 2007, after their mother had been targeted by a rival gang, Louie confronted an associate of a rival gang who was walking with a friend.  Louie yelled insults at the associate and asked him if he wanted to be shot, and then drove off.  Not long afterward, Louie returned in his car, this time accompanied by defendant, who was riding in the back seat of another vehicle driven by a cousin.  Defendant shot at the associate.

A jury convicted defendant of various offenses related to the incident, including one count of attempted murder (§§ 664, 187, subd. (a)).  The trial court sentenced him to a prison term of 15 years to life on the attempted murder conviction and to a consecutive term of 27 years four months as to the other convictions.  Defendant appealed the judgment.  This court reversed the conviction for violation of section 186.22, subdivision (b), and the enhancements under section 12022.53, subdivision (c), due to instructional error, and affirmed the judgment in all other respects.  (*People v. Pena* (2012) 207 Cal.App.4th 944, 952-953.)  Following remand, the trial court resentenced defendant to a

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

term of seven years to life for the attempted murder conviction and a consecutive determinate term of 23 years for the remaining charges and enhancements.

In June 2022, defendant filed a section 1172.6 petition for resentencing. At the August 2022 status conference, the People argued the petition should be denied on the grounds (i) it was defendant who shot at the victim, and (ii) the review of the jury instructions established that none were given on the subjects of the natural and probable consequences doctrine or felony murder. Defendant's counsel submitted, explaining he had confirmed the People's statements.[2] The court denied the petition, and defendant appealed.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication with respect to the denial of his client's petition. Counsel argues, however, that we not only should exercise our discretion to independently review the record, but that we are required to do so because defendant has a federal and state constitutional due process and equal protection right to such a review, citing *Anders v. California* (1967) 386 U.S. 738, 739-742, 744, and *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).

Upon receipt of the brief from counsel, we sent the following notice to defendant: "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v.*

_____

[2] The minutes of the hearing state that defendant's counsel "objects for the record," which is contrary to counsel's remarks as they appear in the reporter's transcript. Where there is a discrepancy between the reporter's transcript and the minutes that cannot be harmonized, which record will prevail depends on the circumstances of each particular case. (*People v. Harrison* (2005) 35 Cal.4th 208, 226.) Here, we deem the reporter's transcript to be the accurate record.

*Wende* (1979) 25 Cal.3d 436). The appellant is personally granted 30 days to file any supplemental brief deemed necessary." Defendant did not file a supplemental brief or letter.

**DISCUSSION**

Contrary to defendant's claim, we are not required to conduct an independent review of the record in an appeal from a denial of a postconviction section 1172.6 petition in which appointed appellate counsel files a brief stating counsel was unable to find an arguable issue. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*); *People v. Griffin* (2022) 85 Cal.App.5th 329, 333.)

As the Supreme Court explained in *Delgadillo*, because an appeal from denial of a section 1172.6 resentencing petition does not implicate a constitutional right to counsel, the protections afforded by *Wende*, *supra*, 25 Cal.3d at pages 441-442, including an independent review of the record by Courts of Appeal, do not apply. (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.) The Court agreed, however, with the parties' suggestion that it provide guidance for counsel and courts to follow in post-conviction appeals in which appointed appellate counsel finds no arguable issues. (*Id.* at p. 231.) It therefore invoked its inherent supervisory powers to prescribe a basic procedural framework for use in future section 1172.6 no-issues appeals, leaving it to the Courts of Appeal to tailor and develop additional procedures as they see fit. (*Delgadillo*, at pp. 231-232.)

The *Delgadillo* framework requires appointed appellate counsel who are unable to find an arguable issue to file a brief informing the appellate court of that determination, including a concise recitation of the facts bearing on the denial of the 1172.6 petition.

4

(*Delgadillo*, *supra*, 14 Cal.5th at p. 231.)  Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal.  (*Id.* at pp. 231-232.)

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned.  (*Ibid.*)  If it chooses to dismiss, it may do so with or without a written opinion.  (*Ibid.*)  In all cases, the Courts of Appeal have discretion to conduct an independent review of the record, whether or not defendant files a supplemental brief or letter.  (*Ibid.*)

In *Delgadillo*, the Supreme Court suggested the appellate court is required to review the record if its notice to defendant of the right to file a supplemental brief is deficient.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.)  There, the appellate court's notice to Delgadillo advised him his counsel had filed a brief that did not raise any arguable issues and cited *Wende, supra*, 25 Cal.3d 436.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.)  The Supreme Court found the reference directly implicated *Wende* and could reasonably lead Delgadillo to conclude the Court of Appeal would conduct an independent review even if he did not submit a supplemental brief.  (*Id.* at p. 233.)  In addition, the notice did not caution him that failure to file a supplemental brief or letter might result in dismissal of his appeal as abandoned.  (*Ibid.*)  The Supreme Court found

the notice was "suboptimal" and independently reviewed the record to determine whether the notice's deficiencies were harmless. (*Ibid.*) It found no error and affirmed. (*Ibid.*)

Here, the notice to defendant, like the notice in *Delgadillo*, included a reference to *Wende* and did not warn defendant that we might dismiss the appeal as abandoned if he did not file a supplemental brief. Accordingly, we conducted an independent review of the record in this case and found the deficiencies in our notice to defendant were harmless because, as the person who actually shot at the victim, he is not entitled to any relief under section 1172.6.

## DISPOSITION

The judgment is affirmed with directions to correct the August 19, 2022 minute order to delete the statement, "Defense objects for the record," and to add the statement, "Defense submitted."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

6